739 P.2d 972

**Dorothy COLBORNE, Plaintiff-Appellant,**

v.

**VILLAGE OF CORRALES, Defendant-Appellee.**

No. 16263.

Supreme Court of New Mexico.

July 17, 1987.

Singer, Smith & Williams, Robert N. Singer, Albuquerque, for plaintiff-appellant.

Peter Everett IV, Ralph W. Steele, Albuquerque, for defendant-appellee.

## OPINION

SCARBOROUGH, Chief Justice.

The district court of Sandoval County refused to order approval of appellant's proposed subdivision and refused to rule on appellant's claim of full legal and public access to the property. We affirm.

We summarize the trial court's findings of fact. In June 1983, appellant, Dorothy Colborne, sought approval from appellee, Village of Corrales (Village), for a subdivision of land within the planning and platting jurisdiction of the Village. Appellant's land is adjacent to the Corrales Main Canal. Appellant was informed at the time she requested subdivision approval that it was Village policy to require landowners to dedicate a sixty-foot easement along the canal for a potential north/south road as a condition for subdivision approval. The Village has had such a policy since 1973. The Village has demonstrated an overall and consistent policy of recognizing the need for a north/south road as a means of channeling future Village growth in an orderly manner. From 1973 to the present, the Village has approved nine subdivisions along the canal conditioned upon the dedication of similar easements to the Village.

In July 1983, the Corrales Planning and Zoning Commission voted to approve appellant's subdivision upon the conditions that appellant publicly dedicate the sixty foot easement (with the option for a reversion to appellant of any land not required for the north/south road), and that the subdivision be permitted without full public access. Appellant initially agreed to dedicate the easement in exchange for subdivision approval. In July 1984, however, appellant notified the Planning and Zoning Commission that she would not dedicate the sixty-foot easement to the Village. Based upon appellant's refusal to grant the easement, the Planning and Zoning Commission denied her request for approval of the subdivision. The Village Council upheld the decision of the Planning and Zoning Commission. Appellant does not challenge the above summarized findings of fact.

Appellant challenges the trial court's conclusion of law that appellee, in conditioning approval of appellant's subdivision upon her dedicating a portion of her land to the Village, acted reasonably, and hence, validly exercised its police power.

In *City of Albuquerque v. Chapman*, 77 N.M. 86, 91, 419 P.2d 460, 464 (1966), we stated that in order to acquire the advantage of lot subdivision "the property owner must comply with reasonable conditions imposed by the city within its authority." Consistent with *Chapman*, we must decide whether it was reasonable for appellee to condition subdivision approval upon dedication of an easement to accomodate the potential north/south road.

Land subdivision regulations of the Village permit requests for dedication of land in exchange for subdivision approval. The Village has demonstrated an overall and consistent policy of recognizing a need for a north/south road along the canal as a means of channeling future growth of the Village in an orderly manner. The Village was prepared to give appellant the option for a reversion of any land not required for the north/south road. Under these circumstances, it was a reasonable, and hence

valid, exercise of police power for appellee to condition subdivision approval upon the dedication of an easement to accommodate the potential north/south road.

Appellant also contends that the Village could not require dedication of the easement since the potential north/south road was not a "planned" street, i.e., it was not expressly incorporated into the Village's master plan. "Every plat approved by the planning authority," however, "is an amendment, addition or a detail of the master plan." NMSA 1978, § 3–19–12 (Repl. Pamp.1985). Since the Village approved nine subdivisions along the canal conditioned upon dedication of easements to the Village, the master plan was effectively amended to include the potential north/south road. Therefore, the potential north/south road was a planned street and appellant's argument fails.

Appellant also argues that the trial court erred in refusing to rule on her claim that there existed full legal and public access to her property. We disagree. The trial court is vested with broad discretion to grant or refuse claims for declaratory relief. NMSA 1978, § 44–6–7. Since a ruling that there existed full legal and public access to appellant's property would not have terminated the controversy giving rise to this action, the trial court did not abuse its discretion in refusing to rule on the matter.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, WALTERS and RANSOM, JJ., concur.