2001-NMCA-013

22 P.3d 220

WEST GUN CLUB NEIGHBORHOOD
ASSOCIATION, et al., Petitioners–
Appellants,

v.

EXTRATERRITORIAL LAND USE AU-
THORITY OF BERNALILLO COUNTY
and the City of Albuquerque, Respon-
dents–Appellees,

and

Boleslo A. Romero, Real
Party in Interest.

No. 20,509.

Court of Appeals of New Mexico.

Dec. 10, 1999.

Mark M. Rhodes, Rhodes & Salmon, P.C.,
Albuquerque, NM, Hazen H. Hammel, Cates
& Hammel, P.C., Los Lunas, NM, for Appel-
lants.

Tito D. Chavez, Bernalillo County Attor-
ney, Patrick E. Trujillo, Ass't Bernalillo
County Attorney, Albuquerque, NM, for Ap-
pellees.

Kevin J. McCready, Myers, Oliver & Price,
P.C., Albuquerque, NM, for Real Party in
Interest.

## OPINION

DONNELLY, Judge.

{1} The issue before us involves a thresh-
old jurisdictional question concerning the fi-
nality of a land use decision and a decision of
the district court for purposes of appellate
review. The district court's decision upheld
a ruling of the Extraterritorial Land Use
Authority (the ELUA) of Bernalillo County,
New Mexico, authorizing the issuance of a
special use permit, subject to certain enu-
merated exceptions. We hold that both deci-
sions are final orders permitting appellate
review, and the case is hereby assigned to
the General Calendar for briefing on the
merits. *See* Rules 12–210(B), –212, –213
NMRA 1999.

{2} The West Gun Club Neighborhood
Association, et al. (the Homeowners), sought
appellate review from the district court deci-
sion which affirmed the ELUA ruling ap-

proving a special use permit for the development of a mobile home park. On May 7, 1998, the Bernalillo County Planning Commission denied applicant Boleslo Romero's (Romero) application for a special use permit for a mobile home park. On August 26, 1998, the ELUA issued a "Notification of Decision" (the Decision) that granted the appeal and approved a special use permit for a mobile home park. The Decision was subject to eighteen specific conditions relating to approval of street, water, and sewage requirements; compliance with covenants; compliance with the 1991 Uniform Fire Code and approval by the Bernalillo County Fire Department; completion of a traffic impact analysis; compliance with Bernalillo County ordinances and regulations; adequate on-site management; and compliance with the Extraterritorial Zoning regulation. Condition number 18 states that "[i]f Conditions of approval are not met within one year, the Special Use Permit shall not be issued or shall be revoked consistent with procedures in the Extraterritorial Zoning Ordinance."

■ {3} The Homeowners filed a notice of appeal to the district court challenging the ELUA's issuance of the permit. *See* NMSA 1978, § 3–21–4(C) (1998). The district court ultimately entered its May 11, 1999, decision affirming the ELUA's approval of the special use permit for a mobile home park. On May 25, 1999, the Homeowners appealed to this Court. We note that administrative appeals from the ELUA are governed by NMSA 1978, § 39–3–1.1 (1998). *See also* NMSA 1978, § 3–21–9 (1965). Accordingly, the Homeowners should have followed the appellate process set forth in Rule 12–505 NMRA 1999 (Aug.1999 Supp.) (requiring that a petition for writ of *certiorari* be filed with this Court within twenty days after entry of the final action by the district court). Because the Homeowners' notice of appeal was filed within twenty days, however, we elect in the exercise of our discretion to treat it as a petition for writ of certiorari to this Court. *See Hyden v. New Mexico Human Servs. Dep't,* 2000–NMCA–002, ¶ 4, 128 N.M. 423, 993 P.2d 740.

■ {4} In general, the right to appellate review is restricted to final judgments

and decisions. *See* NMSA 1978, § 39–3–2 (1966); *Kelly Inn No. 102, Inc. v. Kapnison,* 113 N.M. 231, 234–40, 824 P.2d 1033, 1036–42 (1992). However, "the term 'finality' is to be given a practical, rather than a technical, construction." *Kelly Inn No. 102, Inc.,* 113 N.M. at 236, 824 P.2d at 1038. In the present case, the ELUA Decision addresses the central issue of approval of the special use permit. The fact that it does so, subject to certain conditions, is incidental to the principal issue raised by the Homeowners, and therefore does not prevent the Decision from being "final" for purposes of appeal. To hold otherwise, we conclude, would unfairly require an applicant to go to great expense to satisfy a number of conditions, without even knowing whether or not the special use permit would ultimately be approved. *See, e.g., New Mexico Indus. Energy Consumers v. New Mexico Pub. Serv. Comm'n,* 111 N.M. 622, 629–30, 808 P.2d 592, 599–600 (1991) (recognizing that the determination of finality must be based on pragmatic consideration of the matters at issue, and that the reviewing court must consider the hardship which would result from denying review of the agency action). Thus, an opposite approach could effectively require a prospective developer to expend large sums of money to satisfy certain conditions, after which time opponents of the proposed project could seek appellate review and perhaps obtain a reversal of the ELUA Decision granting the issuance of a special use permit.

{5} Although we acknowledge that questions may arise later regarding whether the conditions imposed by the ELUA have been satisfied, these questions are separate from the central ELUA determination granting approval of the special use permit. *See, e.g., Adams v. DelMonte,* 309 N.J.Super. 572, 707 A.2d 1061, 1065 (App.Div.1998) ("[A]s a general proposition, a zoning board's decision is a 'final' appealable decision, notwithstanding the fact that the developer may still be required to apply for a site plan or conditional use approval for the same development.").

{6} This result is consistent with New Mexico case law that implicitly recognizes that zoning approvals, which are subject to conditions, are final for purposes of obtaining appellate review. *See, e.g., Colborne v. Vil-*

*lage of Corrales,* 106 N.M. 103, 104, 739 P.2d 972, 973 (1987) (Village could condition approval of proposed subdivision upon landowner's dedication of easement to Village); *Singleterry v. City of Albuquerque,* 96 N.M. 468, 471–72, 632 P.2d 345, 348–49 (1981) (recognizing that a zoning authority may attach conditions to a variance); *Siesta Hills Neighborhood Ass'n v. City of Albuquerque,* 1998–NMCA–028, ¶ 11, 124 N.M. 670, 954 P.2d 102 (upholding the City of Albuquerque's special use zoning for a youth shelter which contained "myriad conditions"); *Village of Los Ranchos de Albuquerque v. Shiveley,* 110 N.M. 15, 18, 791 P.2d 466, 469 (Ct.App.1989) (determining standing of Village to enforce covenants that it had initially required as part of obtaining a subdivision approval).

{7} Thus, we conclude that the ELUA Decision granting Romero's application for a special use permit, subject to certain specified conditions, and the district court's affirmance of it are final orders for the purpose of allowing an aggrieved party to seek appellate review. The case is hereby assigned to the General Calendar for briefing by the parties on the merits.

{8} IT IS SO ORDERED.

WE CONCUR: LYNN PICKARD, Chief Judge, RICHARD C. BOSSON, Judge.