2004-NMCA-061

92 P.3d 685

Frank GARZA, Petitioner–Appellee,

v.

STATE of New Mexico TAXATION AND REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION, Respondent–Appellant.

No. 22,977.

Court of Appeals of New Mexico.

March 17, 2004.

Mark L. Pickett, Las Cruces, NM, for Appellee.

Patricia A. Madrid, Attorney General, Julia Belles, Special Assistant Attorney General, Taxation & Revenue Department, Santa Fe, NM, for Appellant.

*OPINION*

ALARID, Judge.

{1} The State Motor Vehicle Division (MVD) filed a notice of appeal from an order of the district court that reinstated Frank Garza's driver's license. The parties briefed the issues of the proper method of appellate review, the timeliness of Garza's motion for reconsideration before the district court, and the use of the breath test results in revoking his driver's license. We affirm the district court's order reinstating Garza's driver's license.

*PROPER PROCEDURE FOR APPELLATE REVIEW*

■ {2} While this case was pending on appeal, this Court clarified that the proper procedure for MVD to appeal the district court order was by writ of certiorari under Rule 12–505(A)(2) NMRA 2004 rather than by direct appeal. *See Dixon & Strickland v. State Taxation & Revenue Dep't,* 135 N.M. 431, 89 P.3d 680 (N.M.Ct.App. 2004). Since MVD filed its notice of appeal within twenty days of the district court's order, however, we exercise our discretion to treat the notice of appeal as a petition for writ of certiorari and to reach the merits of the issues raised in this case. *See id.* ¶ 10; *W. Gun Club Neighborhood Ass'n v. Extraterritorial Land Use Auth.,* 2001–NMCA–013, ¶ 3, 130 N.M. 195, 22 P.3d 220. In reviewing those merits, "we will conduct the same review of an administrative order as the district court sitting in its appellate capacity, while at the same time determining whether the district court erred in the first appeal." *See Rio Grande Chapter of the Sierra Club v. N.M. Mining Comm'n,* 2003–NMSC–005, ¶ 16, 133 N.M. 97, 61 P.3d 806. We review the order of revocation "to determine if it is arbitrary, capricious, or an abuse of discretion; not supported by substantial evidence in the record; or, otherwise not in accordance with law." *Id.* ¶ 17.

*TIMELINESS OF THE MOTION TO RECONSIDER*

{3} The district court initially entered an order affirming the hearing officer's revocation of Garza's license. This order was entered on December 18, 2001. On January 3, 2002, Garza filed his motion to reconsider, reasserting the issue of the foundational requirement for the admission of the breath test results. A hearing was held on January 31, 2002, and the district court orally ruled on the motion. The district court then entered its order on February 12, 2002, reversing the hearing officer and reinstating Garza's driving privileges. *See Sanchez v.*

*Saylor*, 2000–NMCA–099, ¶¶ 28–29, 129 N.M. 742,13 P.3d 960 (determining that an oral granting of a post-judgment motion within the required thirty days was valid and the court retained jurisdiction after the thirty days to enter a written order conforming to its oral ruling).

**▮** {4} MVD argues that Garza's motion to reconsider was not timely filed. Under Rule 1–074(R) NMRA 2004, Garza was required to file his motion for reconsideration within ten days of the date of the district court's December 18, 2001, final order. Under Rule 1–006(A) NMRA 2004 when the time for filing is less than eleven days, intermediate Saturdays, Sundays, and legal holidays are excluded from the computation of time. MVD argues that Rule 1–006 should not apply, noting that Rule 1–074(R) specifically states the "three (3) day mailing" provision of Rule 1–006(D) does not apply. We are not persuaded that the exclusion of one provision of a rule automatically implies exclusion of the entire rule. The computation of time provision for filing periods of less than eleven days and the provision allowing an extra three days if the pleading is served by mail are distinct provisions of Rule 1–006. We reject MVD's argument that Rule 1–006(A) does not apply to filing motions under Rule 1–074(R). Garza's motion was timely filed since, excluding intermediate weekends and legal holidays, the tenth day after December 18, 2001, was January 3, 2002.

## THE BREATH TEST RESULTS

### *Preservation of the Issue*

**▮** {5} During the license revocation hearing, the breath test results were admitted into evidence during the direct examination of the police officer. The hearing officer had proposed to admit the test results into evidence and specifically asked Garza's counsel if he had any objection. Garza's counsel stated "I do not." During the cross-examination of the police officer, however; Garza's counsel elicited testimony that the police officer had "no idea" whether the required annual certification of the breathalyser by the Scientific Laboratory Division (SLD) had been conducted. The police officer testified that he was not a key operator and was not

responsible for making sure the machine was up to date in its annual certification. During closing argument, Garza's counsel objected to the breath test on the ground that MVD had not met the foundational requirement of proving the annual certification. The hearing officer rejected this argument, asserting that annual certification was not a foundational requirement.

{6} In *State v. Onsurez*, 2002–NMCA–082, ¶ 13, 132 N.M. 485, 51 P.3d 528, this Court held, "in cases where the defendant properly preserves the objection, the State must show that the machine used for administering a breath test has been certified by SLD." In that case, involving a criminal conviction after a magistrate court trial, we determined that the defendant had not preserved the issue because he did not specifically argue the issue he sought to appeal. *Id.* ¶ 14. Because the issue was not preserved during trial, we reviewed it only for plain or fundamental error. *Id.* ¶ 15.

{7} In other cases involving administrative hearings rather than trials, however, we have noted that the formal rules of procedure do not have to be applied to administrative hearings. *See Fitzhugh v. N.M. Dep't of Labor*, 1996–NMSC–044, ¶ 46, 122 N.M. 173, 922 P.2d 555 (observing that "[t]he record in administrative cases can be characterized by procedural informality and inadequate documentation that would not be acceptable in a trial setting."). *See also Chicharello v. Employment Sec. Div.*, 1996–NMSC–077, ¶ 4, n. 1, 122 N.M. 635, 930 P.2d 170. In *Chicharello*, our Supreme Court rejected the argument that an issue involving the failure to follow progressive disciplinary policy had not been preserved during the unemployment compensation hearing. *Id.* The Court rejected this argument not only because the formal rules of procedure do not apply in administrative hearings, but also because the disciplinary manual had been admitted into evidence and testimony was elicited during the hearing that the procedures had not been followed. *Id.* The Court also noted that "[t]he Board of Review's dissent expressly stated that [employer] had not followed its disciplinary policy." *Id.*

{8} Although Garza did not object to the admission of the breath test results at the time they were admitted into evidence, he did elicit evidence concerning the lack of foundation and invoked a ruling from the hearing officer on this issue. Because a ruling was invoked and because the relevant testimony was elicited during the cross-examination of the police officer, we determine the issue was sufficiently preserved during the administrative hearing. *See id.*

### The Annual Certification Requirement

■ {9} MVD argues that *Onsurez* should be given prospective application and the revocation should be upheld based on the test results admitted into evidence. For the reasons that follow, we disagree.

{10} In *Onsurez*, this Court cited *State v. Gardner*, 1998–NMCA–160, ¶ 9, 126 N.M. 125, 967 P.2d 465 as stating, " 'following the 1993 amendments to the DWI laws, in order for persons to be deemed to have given their consent to blood or breath alcohol tests, and in order for those test results to be admitted into evidence, the tests must have been taken in accordance with department of health regulations.' " *See Onsurez*, 2002–NMCA–082, ¶ 13, 132 N.M. 485, 51 P.3d 528. Our court noted that these regulations included a requirement for certification and that previously acknowledged foundational requirements such as weekly calibration were only one requirement for certification. *Id.* Because of this, this Court concluded that, if the defendant preserved the issue, the State must prove certification by SLD. *Id.*

{11} Although the particular issue of annual certification as a foundational requirement had not been addressed by New Mexico courts before the decision in *Onsurez*, we are not persuaded that *Onsurez* overturns prior case law or establishes a new rule of law. *See generally Santillanes v. State*, 115 N.M. 215, 223, 849 P.2d 358, 366 (1993) ("The issue of retroactive effect arises only when a court's decision overturns prior case law or makes new law when law enforcement officials have relied on the prior state of the law."). The determination in *Onsurez* that annual certification by SLD was a foundational requirement for admission of breath

test results was premised on the 1998 ruling in *Gardner* that required the test be taken in accordance with the department of health regulations. *See Gardner*, 1998–NMCA–160, ¶ 9, 126 N.M. 125, 967 P.2d 465.

{12} As noted in *Onsurez*, "the foundational requirements cited by the State remain viable, but the regulations require more." *Onsurez*, 2002–NMCA–082, ¶ 13, 132 N.M. 485, 51 P.3d 528. The decision in *Onsurez* did not overturn prior case law or establish a new rule of law. It applied the existing case law of *Gardner* to the existing department of health regulations. We are not persuaded the reasoning in *Onsurez* should be applied only prospectively.

{13} MVD also argues that the ruling in *Onsurez* will defeat the purpose of the Implied Consent Act, which is designed to expedite revocation hearings and limit the number of issues. To the extent this argument asks this Court to revisit our determination that annual certification of the breathalyser machine is a foundational requirement for admission of breath test results, we decline to do so.

{14} Finally, MVD argues that the *Bransford* case should control the foundational requirements for admission of breath test results in administrative hearings. *See Bransford v. State Taxation & Revenue Dep't*, 1998–NMCA–077, 125 N.M. 285, 960 P.2d 827. We agree—to the extent that *Bransford* defined the method of proving the foundational requirements. In *Bransford*, this Court reiterated the determination that, upon proper objection, the State must establish that the breathalyser machine provides valid results. *Id.* ¶ 7. In answering the question of how the State must make a threshold showing in license revocation hearings, this Court determined that the evidence may be set forth by affidavit or certification by an appropriately qualified witness. *Id.* ¶ 10.

{15} Because the foundational requirement at issue in *Bransford* was the calibration of the machine, this Court adopted by analogy the metropolitan court rule allowing proof by calibration testing records. *Id.* ¶¶ 11–12. These same procedures would apply to the

foundational requirement of showing annual SLD certification, namely that the State could satisfy its threshold showing by affidavit, certification by an appropriately qualified witness, or proof of annual certification records. The fact that calibration was at issue in *Bransford* and not annual certification does not limit the foundational requirements as stated in *Gardner* and embodied in the department of health regulations.

*CONCLUSION*

{16} Because there was no evidence of any nature to establish SLD certification in this case, the breath test results were improperly admitted and the district court's order reversing the hearing officer and reinstating Garza's driving privileges is affirmed.

{17} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and CELIA FOY CASTILLO, Judges.