**Certiorari Denied, January 19, 2012, No. 33,351**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-021**

**Filing Date:  September 27, 2011**

**Docket No. 31,031**

**ROBIN WAKELAND,**

        **Petitioner-Appellant,**

**v.**

**NEW MEXICO DEPARTMENT OF
WORKFORCE SOLUTIONS and
GILMAN LAW OFFICES, LLC,**

        **Respondents-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Alan M. Malott, District Judge**

Robin Wakeland
Albuquerque, NM

Pro Se Appellant

Gilman Law Offices, LLC
James K. Gilman
Albuquerque, NM

for Appellee

Lucy Salsbury Payne
Albuquerque, NM

for Appellee N.M. Department of Workforce Solutions

**OPINION**

**VANZI, Judge.**

1

**{1}** Robin Wakeland's uncertainty about the proper procedure for seeking appellate review in this case caused her to file a notice of appeal and a docketing statement rather than a petition for writ of certiorari. Because Wakeland's docketing statement provides information sufficient to evaluate it as a petition for writ of certiorari, we will accept it as a non-conforming petition; however, the petition was untimely, and the fact that it was untimely is a procedural defect that will only be excused in unusual circumstances. Wakeland's uncertainty about the proper procedure is not an unusual circumstance that will excuse the late filing, so we deny her non-conforming petition as untimely.

## BACKGROUND

**{2}** Wakeland sought unemployment compensation benefits after she was fired from her job. The New Mexico Department of Workforce Solutions (the Department) denied the unemployment benefits based on evidence that Wakeland had been terminated because she wilfully violated the terms and conditions of her employment. Wakeland appealed to the district court pursuant to NMSA 1978, Section 51-1-8(N) (2004), which provides for an appeal as of right to the district court by means of a petition for writ of certiorari that the district court is required by statute to grant, so long as it is timely. The district court affirmed in an order filed on December 22, 2010, and Wakeland appealed to this Court by filing a notice of appeal in the district court on January 3, 2011, and a docketing statement in this Court on January 28, 2011.

**{3}** Because it appeared that Wakeland did not have an appeal as of right to this Court and that she should have sought review by means of a petition for writ of certiorari, we asked the parties to brief the question whether the procedural defects warranted either dismissal of the appeal or denial of the non-conforming petition.

## DISCUSSION

### Wakeland Is Not Entitled to an Appeal as of Right

**{4}** Wakeland asserts that she is entitled to an appeal as of right to this Court from the district court's decision affirming the Department. Our law is clear, however, that she is not. In Section 51-1-8(N), the Legislature chose to provide an appeal as of right to the district court from the Department's decision. The Legislature did not provide for an appeal as of right to this Court from the decision of the district court. Both Section 51-1-8(N) and Rule 1-077(L) NMRA, which govern unemployment compensation appeals, state that an aggrieved party may appeal the district court's order or judgment in accordance with the Rules of Appellate Procedure. Rule 12-505 NMRA governs "review by the Court of Appeals of decisions of the district court . . . from administrative appeals pursuant to . . . Rule 1-077." Rule 12-505(A)(1). Rule 12-505(B) requires a party to seek discretionary review in this Court by means of a petition for writ of certiorari.

**{5}** Wakeland raises a number of arguments in support of her claim that she must be provided with an appeal as of right, even if Rule 12-505 is to the contrary. These include

2

(1) an argument that our Supreme Court is without authority to issue a rule of procedure that gives the Court of Appeals discretion to decline to review this matter on the merits; (2) an argument that she is denied equal protection and due process by being limited to a petition for writ of certiorari rather than being permitted the processes allowed for an appeal as of right; and (3) an argument that by issuing an order in this case, this Court has already assumed jurisdiction, such that it cannot now decline to review her appeal on its merits. We have reviewed these arguments and conclude that Wakeland has not demonstrated that she is entitled to an appeal as of right.

**A Non-Conforming Document Will Be Accepted as a Petition for Writ of Certiorari if the Document Provides Sufficient Information to Assess Its Merits as a Petition**

**{6}** Because Wakeland is not entitled to an appeal to this Court as of right, she was required to seek discretionary review by means of a petition for writ of certiorari. She did not do so and instead filed a notice of appeal and a docketing statement. Wakeland asserts that this Court should exercise its discretion to accept these non-conforming documents and review her arguments on their merits.

**{7}** Generally, New Mexico courts have not been stringent about the form and content requirements of documents filed in an effort to seek appellate review, so long as the information provided in the non-conforming document is adequate to convey the basic intent of the party filing the document. *See Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (holding that a notice of appeal was effective despite its failure to meet the requirements for form and content because it met the jurisdictional time and place of filing requirements and the opposing party was not prejudiced by the defects in the notice); *Marquez v. Gomez*, 111 N.M. 14, 15, 801 P.2d 84, 85 (1990) (holding that a docketing statement was effective as a substitute for a notice of appeal where the docketing statement was sufficient to convey the intent to appeal, it met the time and place of filing requirements for a notice of appeal, and the opposing party was not prejudiced); *Johnson v. Johnson*, 74 N.M. 567, 569, 396 P.2d 181, 182 (1964) (holding that a motion for leave to appeal was effective as a notice of appeal). This liberal approach has been adopted in order to further a policy of hearing appeals on their merits rather than dismissing them on technical grounds. *See, e.g.*, *Govich*, 112 N.M. at 230, 814 P.2d at 98 (stating that the appellate court's "policy of facilitating the right of appeal by liberally construing technical deficiencies in a [document] otherwise satisfying the time and place of filing requirements").

**{8}** Despite this liberal policy, in *Roberson v. Board of Educ. of City of Santa Fe*, 78 N.M. 297, 298-99, 430 P.2d 868, 869-70 (1967), our Supreme Court held that a notice of appeal is not an adequate substitute for a petition for writ of certiorari. In *Roberson*, a teacher was fired from her job by the board of education of the city of Santa Fe. *Id.* at 298, 430 P.2d at 869. The petitioner appealed to the state board of education, which affirmed. *Id.* Although there was no statute or rule permitting an appeal from this decision, the petitioner filed a notice of appeal with the district court. *Id.* The district court issued a writ of certiorari to the state board. *Id.* The city and state boards of education filed a motion to quash the writ and a motion to dismiss based on the petitioner's improper filing of a notice of appeal rather than a petition for writ of certiorari. *Id.* at 298-99, 430 P.2d at 869-70. The

district court dismissed the matter because the petitioner was not entitled to an appeal as of right, and she failed to present a proper petition for writ of certiorari. *Id.* at 299, 430 P.2d at 870. The petitioner appealed to the New Mexico Supreme Court but never perfected the appeal, so the matter was not reviewed at that time. *Id.* Then the petitioner filed a proper petition for writ of certiorari in the district court, arguing that this petition related back and was a continuation of the issues raised by her notice of appeal. *Id.* The district court again dismissed, and the petitioner sought review in the New Mexico Supreme Court. *Id.*

**{9}** The Supreme Court held that the petitioner's notice of appeal could not substitute for a petition for writ of certiorari. *Id.* It stated that it was "amply clear" that "the notice of appeal [was] not sufficient" because "a formal application showing a prima facie case for relief is a prerequisite to issuance of certiorari" and a notice of appeal does not meet these requirements. *Id.* at 300, 430 P.2d at 871 (internal quotation marks and citation omitted). While the Court stated that it was not holding that "any particular nicety of pleading or precision of drafting is required," it would not construe the notice as a petition because "the record here discloses a total absence of any pleading which remotely approximates a petition or which contains any of the elements required as a minimum to merit such a description in a proceeding wherein certiorari is sought." *Id.* Accordingly, the Court concluded that the petitioner's later-filed petition for writ of certiorari did not revive the issues raised by the notice of appeal since the notice itself did not properly bring the case before the district court. *Id.* However, because at that time there was no statute or rule setting a time limit for the filing of a petition for certiorari and because laches did not bar the filing of the petition that the petitioner filed after she filed her improper notice of appeal, our Supreme Court held that the petition was properly filed and should not have been dismissed. *Id.* at 300-03, 430 P.2d at 871-74.

**{10}** Despite our Supreme Court's decision in *Roberson*, this Court has issued several opinions indicating that we may, in our discretion, elect to treat a timely filed notice of appeal as a petition for writ of certiorari. In *West Gun Club Neighborhood Ass'n v. Extraterritorial Land Use Auth.*, 2001-NMCA-013, ¶ 3, 130 N.M. 195, 22 P.3d 220, this Court chose to treat a notice of appeal filed within the then-twenty-day period for filing petitions for writ of certiorari as a petition for such a writ. In doing so, *West Gun Club* relied on *Hyden v. New Mexico Human Servs. Dep't.*, 2000-NMCA-002, 128 N.M. 423, 993 P.2d 740. *Hyden*, however, was not directly applicable since the issue in *Hyden* was about timeliness, not about the form or content of the documents that were filed. *Id.* ¶ 4. In *Hyden*, the question was whether unusual circumstances justified granting an extension of time to file two petitions for writ of certiorari when the parties had failed to meet the time of filing requirement that is a mandatory precondition to the exercise of this Court's jurisdiction. *Id.* ¶¶ 6-7, 14-15. Although the parties had filed notices of appeal, *Hyden* did not hold that a notice of appeal would be accepted as a substitute for a petition for writ of certiorari. In fact, the Court did not accept the notices filed in that case, but instead permitted the parties an extension of time to file proper petitions. *Id.* ¶¶ 4, 18.

**{11}** In *Dixon v. State, Taxation & Revenue Dep't.*, 2004-NMCA-044, ¶ 9, 135 N.M. 431, 89 P.3d 680, this Court accepted a timely notice of appeal as a substitute for a petition for writ of certiorari without considering whether the notice substantially complied with the

4

form and content requirements of Rule 12-505.  In *Dixon*, two parties filed notices of appeal within the then-twenty-day period for filing petitions for writs of certiorari.  *Id.* ¶ 10. Relying on *Hyden*, this Court imported the "unusual circumstances" test that is generally employed when determining whether to accept an untimely filed notice of appeal or petition for writ of certiorari and used it as part of the analysis for determining whether to accept a document that was timely but improper in its form and content.  *Dixon*, 2004-NMCA-044, ¶ 9.  *Dixon* determined that "unusual circumstances" warranted accepting the notices of appeal as petitions for writ of certiorari, where this Court had previously accepted notices of appeal in lieu of petitions in past administrative appeals involving one of the parties.  *Id.*

{12}    Finally, in *Glynn v. State, Taxation and Revenue Dep't.*, 2011-NMCA-031, ¶ 11, 149 N.M. 518, 252 P.3d 742, *cert. denied*, 2011-NMCERT-003, 150 N.M. 619, 264 P.3d 520 (No. 32,862, Mar. 8, 2011), this Court again elected to accept a notice of appeal filed within the then-twenty-day period for petitions for writ of certiorari as a substitute for a petition. This Court did not expressly rely on the "unusual circumstances" test, but did state that it would choose to accept the non-conforming document due to the "uncertainty regarding the district court's order and the uncertainty regarding the correct procedure for appealing a district court's decision involving both its appellate and original jurisdiction[.]" *Id.*

{13}    Neither *West Gun Club*, *Dixon*, nor *Glynn* cited to *Roberson*.  Although *Roberson* did not discuss the effect of the filing of a non-conforming document that addresses the merits of the issues raised on appeal, we conclude that *Roberson* is in fact controlling when the only document filed is a notice of appeal.  Further, we take this opportunity to clarify *West Gun Club*, *Dixon*, and *Glynn*, and to explain that it is the docketing statement, not the notice of appeal, that we may accept as a substitute for a petition for writ of certiorari.

{14}    *Roberson* has not been overruled, and neither has it been abrogated by our Supreme Court's more recent cases setting forth a liberal policy for accepting notices of appeal that are deficient as to form or content.  *Roberson* simply holds that, because a notice of appeal contains no information about the issues raised on appeal, it cannot substitute for a petition for writ of certiorari since it does not substantially comply with the content requirements for a petition.  78 N.M. at 300, 430 P.2d at 871.  A petition must contain a statement of the issues sought to be reviewed and a discussion of the facts material to the questions presented. Rule 12-505(D)(2)(b) and (c).  Furthermore, in order to warrant review, a petition must show the existence of:  (1) a conflict between the district court order and a prior appellate opinion of either this Court or the Supreme Court; (2) a conflict between the district court order and any statutory provision, ordinance, or agency regulation; (3) a significant question of law under the New Mexico or United States Constitutions; or (4) an issue of substantial public interest that should be determined by the court.  Rule 12-505(D)(2)(d).  "The critical issue under [Rule 12-505(D)(2)(d)] is whether the case presents issues of significant importance to justify the granting of a writ of certiorari[.]" *Rio Grande Chapter of Sierra Club v. N.M. Mining Comm'n*, 2003-NMSC-005, ¶ 16, 133 N.M. 97, 61 P.3d 806.  In contrast, there is very little that is required to be included in a notice of appeal, *see* Rule 12-202 NMRA, such that a notice of appeal will rarely demonstrate that discretionary appellate review is warranted.

5

**{15}** In addition, the policy considerations that favor a liberal construction of a notice of appeal are not at issue when a party seeks discretionary appellate review. A notice of appeal is filed when a party is entitled to an appeal as of right. *See* Rule 12-202 (governing appeals as of right from the district court); Rule 12-601 NMRA (governing appeals as of right from administrative entities and special statutory proceedings). Under such circumstances, our courts have expressed concern that a strict adherence to formal requirements might unduly infringe on the absolute right to one appeal provided by Article VI, Section 2 of the New Mexico Constitution. *See Govich*, 112 N.M. at 230, 814 P.2d at 98. But this concern is not at issue here. Whether to grant a petition for writ of certiorari to review the district court's decision in an administrative appeal rests in the sound discretion of this Court. *Paule v. Santa Fe Cnty. Bd. of Cnty. Comm'rs*, 2005-NMSC-021, ¶ 14, 138 N.M. 82, 117 P.3d 240. Article VI, Section 2 only applies to appeals from the district court's exercise of its original jurisdiction. *City of Las Cruces v. Sanchez*, 2007-NMSC-042, ¶ 9, 142 N.M. 243, 164 P.3d 942. It does not apply to appeals to this Court from the district court's decision on appeal from an administrative agency ruling. *See VanderVossen v. City of Espanola*, 2001-NMCA-016, ¶¶ 7-16, 130 N.M. 287, 24 P.3d 319 (explaining that the absolute right to one appeal contained in Article VI, Section 2 of the New Mexico Constitution does not apply to review by the Court of Appeals of a district court's decision on appeal from an administrative agency's zoning decision). To the degree that the principle underlying Article VI, Section 2 might support acceptance of a notice of appeal in lieu of a petition for writ of certiorari, the principle is not applicable here because the parties have already had an appeal as of right to the district court. *Cf. Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶¶ 17, 19, 148 N.M. 692, 242 P.3d 259 (applying the policy established in Article VI, Section 2 to an appeal from a workers' compensation decision to the Court of Appeals, even though a workers' compensation proceeding is a special statutory proceeding that does not originate in the district court).

**{16}** Although a notice of appeal contains almost no substantive information related to a party's claims of error, a docketing statement is quite different. A docketing statement must contain a statement of the nature of the proceeding, a statement of the issues presented by the appeal, a summary of all facts material to a consideration of the issues, and a list of authorities supporting each claim of error, among other information. Rule 12-208(D) NMRA. If a docketing statement complies with these requirements, this Court should generally be able to assess whether the issues raised meet one of the four criteria for granting a petition for writ of certiorari pursuant to Rule 12-505(D)(2)(d). Furthermore, because the filing of the docketing statement triggers the filing of the record proper, Rule 12-209(B) NMRA, this Court will generally have access to the materials that must be attached to a petition for writ of certiorari. *See* Rule 12-505(D)(3) (stating that a petition shall have attached the final order or judgment of the district court and any findings or decisions leading to the order or judgment, a copy of the administrative decision, and a copy of the statements of appellate issues filed in the district court). Accordingly, although *Roberson* generally precludes the acceptance of a notice of appeal in lieu of a petition for writ of certiorari, it does not preclude our acceptance of a docketing statement. A docketing statement will generally substantially comply with Rule 12-505 so as to permit this Court to review it as a substitute for a petition for writ of certiorari under a liberal standard of construing documents in order to reach their merits.

6

**{17}** We recognize that there is some degree of unfairness in accepting a non-conforming document such as a docketing statement in lieu of a petition for writ of certiorari. For instance, a docketing statement has no page or type-volume limitations, whereas a petition for writ of certiorari does. *Compare* Rule 12-208, *with* Rule 12-505(E). Furthermore, the filing of a notice of appeal and a docketing statement incorrectly suggests to this Court that an appeal is as of right, whereas a petition for writ of certiorari alerts the Court to the fact that its review is discretionary. However, we do not believe that these possible inequities warrant the rejection of a non-conforming document that, liberally construed, substantially complies with Rule 12-505. To the degree that an opposing party believes it may be prejudiced by the filing of a docketing statement or other non-conforming document when a petition for writ of certiorari is the appropriate means for seeking appellate review, that party is permitted to file a motion with this Court to require the party seeking review to file a proper petition for writ of certiorari; it can file a notice with this Court to alert the Court to the fact that the appeal is not as of right; it can file a response to what may otherwise be construed as a petition explaining why the writ should not be granted; or it can do any combination of these. *See* Rule 12-309 NMRA (setting out the requirements for motions filed in this Court); Rule 12-505(I) (permitting a response to a petition for writ of certiorari).

**A Non-Conforming Petition for Writ of Certiorari Must Meet the Timeliness Requirement of Rule 12-505(C), and an Untimely Filing Will Only Be Excused in Unusual Circumstances**

**{18}** Our Supreme Court has held that the time requirement for filing a petition for writ of certiorari is a mandatory precondition to the exercise of an appellate court's jurisdiction to review a petition on its merits. *See Gulf Oil Corp. v. Rota-Cone Field Operating Co.*, 85 N.M. 636, 636, 515 P.2d 640, 640 (1973) (per curiam) (holding that, as with the time requirement for a notice of appeal, the timely filing of a petition for writ of certiorari is a mandatory precondition to the exercise of an appellate court's jurisdiction that will not be excused absent unusual circumstances). Therefore, a non-conforming document such as a docketing statement must be filed within thirty days of the order to be reviewed, as is required for a petition. *See* Rule 12-505(C) (stating that a petition for writ of certiorari must be filed with the clerk of this Court within thirty days of the entry of the final action of the district court). When a party seeks to benefit from this Court's willingness to consider a docketing statement as a substitute for a petition for writ of certiorari, the party often will not meet this requirement due to the differences between the procedural rules governing an appeal as of right and the rules governing discretionary review. The time for filing the docketing statement in this Court is triggered by the filing of a notice of appeal. *See* Rule 12-208(B) (stating that the docketing statement shall be filed within thirty days after the filing of the notice of appeal). The notice of appeal must generally be filed within thirty days of the judgment or order appealed from. *See* Rule 12-201(A)(2) NMRA. Therefore, a party who erroneously files a notice of appeal and docketing statement instead of a petition for writ of certiorari is likely to miss the thirty-day requirement of Rule 12-505(C), even though the notice of appeal and docketing statement would have been timely if the appeal were as of right.

7

**{19}** In those unusual cases where a party happens to file both the notice of appeal and the docketing statement early so that the docketing statement is filed in this Court within thirty days of the district court's order and therefore meets the time requirement of Rule 12-505(C), this Court will construe the docketing statement as a petition for writ of certiorari without requiring any showing of unusual circumstances, since the non-conforming document is timely and substantially complies with the content requirements of Rule 12-505 under a liberal interpretation. This approach is consistent with the policy of not exalting form over substance when the mandatory preconditions to the exercise of this Court's jurisdiction have been met. *See Govich*, 112 N.M. at 230, 814 P.2d at 98.

**{20}** But consistent with the rule that a timely filing of a petition for writ of certiorari is a mandatory precondition to the exercise of this Court's jurisdiction, in those cases in which a docketing statement is not filed in this Court within thirty days of the district court's order or judgment, this Court will not excuse the untimely filing of the non-conforming document absent a showing of the kind of unusual circumstances that would justify an untimely petition. *See Gulf Oil Corp.*, 85 N.M. at 636, 515 P.2d at 640 (refusing to excuse the late filing of a petition for writ of certiorari where there were no unusual circumstances justifying the untimely filing). Our Supreme Court has explained that it is "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court," that will warrant overlooking the requirement that a document must be timely filed as a mandatory precondition to the exercise of a court's jurisdiction. *See Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994) (holding that there would be unusual circumstances to excuse the late filing of a notice of appeal to the district court if the untimely filing was caused by the magistrate court and remanding for a finding of fact on this issue). Our Supreme Court has also held that unusual circumstances may warrant waiving the mandatory timeliness requirement when the filing is not very late, and there are other unusual circumstances that were not caused by the court system but that were not within the control of the party seeking appellate review. *See Chavez v. U-Haul Co.*, 1997-NMSC-051, ¶¶ 19-22, 124 N.M. 165, 947 P.2d 122 (hearing an appeal when the notice was filed fifty-eight minutes late, the appellant filed the notice pro se, his trial counsel had been in the process of arranging for substitute counsel, and after trial it was not clear which attorney would be responsible for prosecuting the appeal); *see also Schultz*, 2010-NMSC-034, ¶ 21 (holding that unusual circumstances required excusing the mandatory timeliness requirement where the notice of appeal was received two days late because the appellant had mailed the notice four days prior to the due date, and the fact that the United States Postal Service took more than four days to deliver the document from Albuquerque to Santa Fe was an unusual circumstance outside of the appellant's control).

**{21}** Although we may have applied the unusual circumstances test more liberally than this in *Dixon* and, arguably, in *Glynn*, that is because in both of those cases, we considered the relevant non-conforming document to have been timely filed, and we therefore only determined whether to accept a timely document that was improper as to form. As we have clarified in this opinion, a non-conforming document that substantially complies with Rule 12-505 will be accepted as a petition for writ of certiorari without a showing of unusual circumstances. It is only when the non-conforming document does not meet the mandatory

timeliness requirement of Rule 12-505 that the stringent unusual circumstances standard comes into play.

**{22}** In considering whether to exercise this Court's discretion to waive the mandatory timeliness requirement for a late, non-conforming document that is to be construed as a petition for writ of certiorari, this Court is mindful of the fact that, unlike cases in which a party has an appeal as of right, review in this Court of the district court's order on appeal from an administrative agency is discretionary. *Paule*, 2005-NMSC-021, ¶ 14. Because Article VI, Section 2 of the New Mexico Constitution does not apply to appeals to this Court from the district court's decision on appeal from an administrative agency ruling, *see VanderVossen*, 2001-NMCA-016, ¶¶ 7-16, and because the parties have already had an appeal as of right, we need not consider the policy of a party's absolute right to one appeal in determining whether unusual circumstances warrant accepting an untimely document when a timely petition for writ of certiorari should have been filed. *Cf. Schultz*, 2010-NMSC-034, ¶¶ 19, 21.

**Wakeland's Non-Conforming Petition for Writ of Certiorari Was Late, and No Unusual Circumstances Excuse the Late Filing**

**{23}** Because Wakeland's docketing statement contains information that is sufficient to determine whether the issues she raises meet the requirements for granting a petition for writ of certiorari, we construe her docketing statement as a petition. However, because her non-conforming petition was not filed within thirty days of the district court's order, this Court will excuse the late filing only if it was due to unusual circumstances beyond her control.

**{24}** Wakeland filed her notice of appeal and docketing statement well within the deadlines provided under Rules 12-201 and 12-208. Wakeland argues that she should be excused for following those rules, rather than Rule 12-505, because she was not on notice that Rule 12-505 applied. Wakeland points out that nothing in Section 51-1-8 or Rule 1-077 specifically refers to Rule 12-505.

**{25}** Simply being confused or uncertain about the appropriate procedure for seeking review is not the sort of unusual circumstance beyond the control of a party that will justify an untimely filing. *See Trujillo*, 117 N.M. at 278, 871 P.2d at 374 (stating that "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court[,]" will warrant overlooking the requirement that a document must be timely filed as a mandatory precondition to the exercise of a court's jurisdiction). *But see Glynn*, 2011-NMCA-031, ¶ 11 (finding unusual circumstances based on a party's uncertainty about the proper procedure for seeking review where the relevant document was considered to have been timely filed and the only question was whether unusual circumstances excused the filing of a document was non-conforming as to form and content). In very limited circumstances, this Court has held that uncertainty in the law will excuse the late filing of a petition. In *Hyden*, we held that unusual circumstances excused the late filing of two petitions for writ of certiorari where the law was so uncertain that the uncertainty essentially rose to the level of court-created error. 2000-NMCA-002, ¶¶ 14-17. There, the Legislature had enacted a comprehensive statute that significantly changed the way appeals could be

9

taken from certain administrative agency decisions. *Id.* ¶ 2. The newly-enacted statute provided for a direct appeal to the district court and for discretionary review in the Court of Appeals by means of a petition for writ of certiorari. *Id.* The statute, however, provided no deadline within which to file a petition and stated that the relevant procedure would be "governed by rules adopted by the Supreme Court." *Id.* ¶ 17. The court rule, which contained the time for filing, was not enacted until several months later, and it was not published in the most readily available legal sources. *Id.* We view *Hyden* as applicable to those limited circumstances where the legal uncertainty involves a sea change in the relevant procedure and where the uncertainty relates to the time of filing itself—a situation that does not exist here. Wakeland does not assert that she was unaware of the time for filing a petition for writ of certiorari; instead, she contends that she did not know that she was supposed to file such a petition. The fact that Wakeland did not know that any further appellate review would be governed by Rule 12-505 does not excuse the late filing in this case.

**{26}** We note that any uncertainty about whether review in this Court should be had as an appeal as of right or pursuant to discretionary review can always be addressed by filing both a timely notice of appeal in the district court and a timely petition for writ of certiorari in this Court. The party seeking review is free to explain the basis of their uncertainty about the proper procedure in their petition and to inform this Court that a notice of appeal has been timely filed in the district court. In the event the Court determines that the appeal, or some portion of the appeal, is of right, the party can request that the Court enter an order construing the petition as a docketing statement for those issues that are appealed as of right.

## CONCLUSION

**{27}** Wakeland's non-conforming petition for writ of certiorari was not filed within thirty days of the district court's order and was therefore untimely. As her uncertainty about the proper procedure for seeking review is not an unusual circumstance that will excuse the late filing, we deny the petition.

**{28}    IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**CYNTHIA A. FRY, Judge**

**Topic Index for *Wakeland v. NM Dept of Workforce Solutions*, No. 31,031**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-CF | Certiorari |
| AE-DS | Docketing Statements |
| AE-NA | Notice of Appeal |
| AE-TA | Timeliness of Appeal |
| | |
| **EL** | **EMPLOYMENT LAW** |
| EL-TE | Termination of Employment |
| EL-UC | Unemployment Compensation |
| | |
| **PA** | **PUBLIC ASSISTANCE** |
| PA-UC | Unemployment Compensation |