This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SOCUNO, LTD., a New Mexico limited liability company,**

Plaintiff-Appellant,

**v.**                                                    **No. 32,318**

**CITY OF FARMINGTON,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Lastrapes, Spangler & Pacheco, PA
Matthew M. Spangler
Rio Rancho, NM

for Appellant

City of Farmington
Jay Burnham, City Attorney
Farmington, NM

for Appellee

## MEMORANDUM OPINION

**SUTIN, Judge.**

Socuno, Ltd., a New Mexico limited liability company (Appellant) appeals from the district court's order entered in an appeal from an administrative decision filed June 11, 2012. [RP 91] A notice of appeal was filed July 11, 2012. [RP 93] A docketing statement was filed August 10, 2012. [Ct. App. File]

The City of Farmington City Council reversed the Planning and Zoning Commission's recommendation that had been in Appellant's favor. [RP 4, 8, 30] NMSA 1978, Section 3-21-9 (1999) specifically provides that "[a] person aggrieved by a decision of the zoning authority or any officer, department, board[,] or bureau of the zoning authority may appeal the decision pursuant to the provisions of Section 39-3-1.1 NMSA 1978." NMSA 1978, Section 39-3-1.1(E) (1999) specifically provides that "[a] party to the appeal to district court may seek review of the district court decision by filing a petition for writ of certiorari with the [C]ourt of [A]ppeals, which may exercise its discretion whether to grant review." Rule 12-505(C) NMRA provides that "[t]he petition for writ of certiorari shall be filed with the clerk of the Court of Appeals within thirty . . . days after entry of the final action by the district court."

Based on these statutes, Appellant was required to file a timely petition for writ of certiorari in order to seek relief in this Court from the district court's decision. In the docketing statement, Appellant requests that this Court construe the notice of

appeal and docketing statement together as a timely filed non-conforming document that complies with Section 39-3-1.1(E) and Rule 12-505(C). [DS 2] Appellant relies on *Glynn v. State Taxation and Revenue Dep't*, 2011-NMCA-031, 149 N.M. 518, 252 P.3d 742, *overruled on other grounds by Schuster v. State Dep't of Taxation and Revenue*, 2012-NMSC-025, 283 P.3d 288, and *Dixon v. State Taxation and Revenue Dep't*, 2004-NMCA-044, 135 N.M. 431, 89 P.3d 680, to support its argument that it filed a timely petition for writ of certiorari. [DS 2] In the memorandum in opposition to our proposed summary disposition, Appellant also relies on *West Gun Club Neighborhood Association v. Extraterritorial Land Use Authority*, 2001-NMCA-013, 130 N.M. 195, 22 P.3d 220. [MIO 4-5] Current case law does not support Appellant's contentions.

"This Court has recently addressed whether a timely notice of appeal and docketing statement are an adequate substitute for a petition for writ of certiorari." *Mascarenas v. City of Albuquerque*, 2012-NMCA-031, ¶ 20, 274 P.3d 781 (citing *Wakeland v. N.M. Dep't of Workforce Solutions*, 2012-NMCA-021, ¶ 13, 274 P.3d 766). In *Wakeland*, we specifically clarified *Glynn* and *Dixon*, holding that a notice of appeal alone is not an adequate substitution for a petition for writ of certiorari, relying on controlling New Mexico Supreme Court case law. *Wakeland*, 2012-NMC-021, ¶¶ 8-13; *see Roberson v. Bd. of Educ. of the City of Santa Fe*, 78 N.M. 297,

299-300, 430 P.2d 868, 870-71 (1967) (holding that a notice of appeal was an insufficient substitute for a petition for writ of certiorari). We further clarified, in *Wakeland*, that we may accept a docketing statement in lieu of a petition for writ of certiorari, provided that the time requirement of Rule 12-505(C) is met. *Wakeland*, 2012-NMSC-021, ¶¶ 16, 18. We further noted that "parties seeking to substitute a docketing statement for a petition for writ of certiorari will often not meet the thirty-day time requirement due to the procedural differences governing appeal as of right and the rules governing discretionary review." *Mascarenas*, 2012-NMCA-031, ¶ 21; *see also* Rule 12-201(A)(2) NMRA (requiring the notice of appeal be filed within thirty days of the judgment or order appealed from); Rule12-208(B) NMRA (requiring that the docketing statement be filed within thirty days of the notice of appeal). Because the time requirement for filing a petition for writ of certiorari is a mandatory precondition to the exercise of an appellate court's jurisdiction to review a petition on its merits, a petitioner must file the docketing statement within thirty days in order to be considered as a timely non-conforming petition for writ of certiorari. *Wakeland*, 2012-NMCA-021, ¶ 18.

In the memorandum, Appellant argues that *Mascarenas* and *Wakeland* "are not the better law" [MIO 5] because the better law is expressed in *West Gun Club*, *Dixon*, and *Glynn*. Appellant further argues that *Roberson*, the New Mexico Supreme Court

4

case relied on in *Wakeland*, is distinguishable, because in *Roberson*, only a notice of appeal was filed, while in this case both a notice of appeal and a docketing statement were filed. [Id.] We are not persuaded.

In *Wakeland*, we specifically held that *Roberson* is controlling, not distinguishable, and we relied on *Roberson* to "clarify" *West Gun Club*, *Dixon*, and *Glynn*.

> Neither *West Gun Club*, *Dixon*, nor *Glynn* cited to *Roberson*. Although *Roberson* did not discuss the effect of the filing of a non-conforming document that addresses the merits of the issues raised on appeal, we conclude that *Roberson* is in fact controlling when the only document filed is a notice of appeal. Further, we take this opportunity to clarify *West Gun Club*, *Dixon*, and *Glynn*, and to explain that it is the docketing statement, not the notice of appeal, that we may accept as a substitute for a petition for writ of certiorari.

*Wakeland*, 2012-NMCA-021, ¶ 13. Thus, it is the docketing statement, not the notice of appeal, that this Court may accept as a substitute for a petition for writ of certiorari. *Id.* Critical to the present case, however, is not that, unlike in *Roberson*, Appellant filed both a notice of appeal and a docketing statement, but that *Wakeland* further holds that the docketing statement as a non-conforming petition for writ of certiorari must be *timely* filed within thirty days of the district court's order. 2012-NMCA-021, ¶ 18.

In this case, although we construe the docketing statement as a non-conforming petition for writ of certiorari, the district court order was filed June 11, 2012, and the

5

docketing statement was filed August 10, 2012, approximately sixty days after the order, rather than within thirty days of the order. Therefore, the docketing statement is an untimely non-conforming petition for writ of certiorari under Rule 12-505(C). *See Wakeland*, 2012-NMCA-021, ¶ 27 (concluding that the claimant's "non-conforming petition for writ of certiorari was not filed within thirty days of the district court's order and was therefore untimely").

As we discussed in the calendar notice, this Court will not excuse an untimely filing "absent a showing of the kind of unusual circumstances that would justify an untimely petition." *Id.* ¶ 20. Unusual circumstances justifying the untimely filing of a petition for writ of certiorari exist when, for example, (1) there is error on the part of the court, or (2) when the filing is not very late, and there are other unusual circumstances that were not caused by the court system but that were not within the control of the party seeking appellate review. *Id.* In *Wakeland*, we further held that "[s]imply being confused or uncertain about the appropriate procedure for seeking review is not the sort of unusual circumstance beyond the control of a party that will justify an untimely filing." *Id.* ¶ 25. As discussed earlier, Appellant argues that "the better law" is not the current law. [MIO 4-5] The current law is, however, controlling. Appellant also points out that dismissal means the merits of its appeal will not be

addressed. [MIO 6] Neither of these arguments provides the kind of unusual circumstances that justify the filing of an untimely petition.

Because the appeal was untimely and unusual circumstances do not justify the untimeliness, this Court lacks jurisdiction to address the merits of Appellant's appeal.

We dismiss the appeal for failure to file a timely petition for writ of certiorari.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**LINDA M. VANZI, Judge**