This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PAUL CAIN,**

Plaintiff-Appellant,

v.                                                                          **NO. 33,924**

**SECRETARY OF CORRECTIONS, DIRECTOR OF ADULT PRISONS, WARDEN E. BRAVO, MAILROOM SUPERVISOR CHAVEZ and MAILROOM CLERK M. SALAAS,**

Defendant-Appellees.

**APPEAL FROM THE DISTRICT COURT OF GUADALUPE COUNTY**
**Gerald E. Baca, District Judge**

Paul Cain
Santa Rosa, NM

Pro Se Appellant

Yenson, Allen, Wosick, P.C
Joseph Turk
Albuquerque, NM

for Appellees Warden E. Bravo
and Mailroom Supervisor Chavez

# MEMORANDUM OPINION

**VANZI, Judge.**

{1}    Plaintiff, a self-represented inmate, seeks to appeal from the district court's order denying his motion for rehearing, entered on May 13, 2014. Because Plaintiff filed what we understand to be a notice of appeal and docketing statement in district court on September 12, 2014—three months late—we issued a notice of proposed summary disposition, proposing to dismiss for an untimely appeal. Plaintiff has filed a response to our notice. Plaintiff does not provide a sound basis upon which we may excuse the improper invocation of our jurisdiction and entertain his appeal. Accordingly, we must dismiss.

{2}    In response to our notice proposing to dismiss, Plaintiff states that it is his understanding that it is not common practice to serve a lower tribunal with a notice of appeal; that this practice is unique to New Mexico. [MIO 1-2] Plaintiff seeks to appeal in New Mexico, however, and must follow the rules in New Mexico to perfect his appeal. Plaintiff further states that upon notification of the deficient notice by this Court, Plaintiff immediately rectified the situation. [MIO 2] Plaintiff is confusing the requirement prescribed by Rule 12-201(A)(2) NMRA to file a **notice of appeal** with the district court in a timely manner with the letter this Court sent to Plaintiff reminding him to serve a copy of the **docketing statement** on the district court to

trigger preparation of the record proper. [Ct. App. File] These are separate documents that serve very different purposes. *See, e.g.*, *Wakeland v. N.M. Dep't of Workforce Solutions*, 2012-NMCA-021, ¶¶ 7, 16, 18-20, 274 P.3d 766 (explaining the time requirements for a notice of appeal and a docketing statement, the purposes they serve, and when we may accept non-conforming documents that were *timely filed in the correct tribunal* as serving the purposes that would accommodate hearing an appeal on its merits). As we stated in our notice, it is the timely filing of the notice of appeal in the proper tribunal that is a mandatory precondition to our exercise of jurisdiction to hear an appeal. *See Trujillo v. Serrano*, 1994-NMSC-024, ¶ 14, 117 N.M. 273, 871 P.2d 369; *Govich v. North Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94.

{3} Although we must dismiss for an untimely notice of appeal, we emphasize to Plaintiff that we have received Defendants' response to his docketing statement, which amounts to a concession that they led the district court into error by filing an affidavit that incorrectly stated that Plaintiff failed to submit a department-level appeal for his current grievance before filing his complaint in district court. [Ct. App. File] Based on this concession and the decision from the corrections department on Plaintiff's grievance appeal that Plaintiff presented to this Court, we again encourage Plaintiff to seek relief from the district court by Rule 1-060(B) NMRA motion.

**{4}** For the reasons stated in this opinion and in our notice, we dismiss for an untimely appeal.

**{5}** **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**CYNTHIA A. FRY, Judge**